UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARGARITA BERNAL,

    Plaintiff,

vs.                          CASE NO.:

MANAGEMENT SOLUTIONS
OF TAMPA, INC., a Florida for
Profit Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff MARGARITA BERNAL ("Plaintiff"), by and through her undersigned counsel, and hereby files this Complaint against the Defendant MANAGEMENT SOLUTIONS OF TAMPA, INC. ("Defendant"), a Florida for Profit Company, for unpaid overtime compensation, retaliation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and alleges as follows:

### INTRODUCTION

1. This is an action by the Plaintiff against her previous employer for unpaid overtime wages and retaliation pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages, reasonable attorney's fees, and other

relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## JURISDICTION

2. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* Jurisdiction is proper in this court pursuant to section 26.012, Florida Statutes and 29 U.S.C. § 216(b)("An action to recover the liability …may be maintained against any employer … in any … State court of competent jurisdiction).

## VENUE

3. The venue of this Court over this controversy is proper based upon the claim arising in Hillsborough County, Florida.

## PARTIES

4. Plaintiff worked as a "sanitizer" for Defendant in Florida.

5. Plaintiff was an employee of the Defendant within the last three (3) years, from approximately February 2020 to January 2022.

6. Defendant, MANAGEMENT SOLUTIONS OF TAMPA, INC., is a cleaning company in Tampa, Florida.

## FLSA ENTERPRISE COVERAGE

7. At all material times (2020-2023), Defendant was an enterprise subject to the FLSA's provision on minimum wage and overtime wages.

8. At all times material hereto, Defendant was and is an enterprise covered by the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

9. At all material times (2020-2023), Defendant was an enterprise engaged in commerce or in the production of goods for commerce, and that said enterprise had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person (i.e. cleaning equipment and supplies, telephones, computers, pens, and paper).

10. Defendant's employees ran credit card transactions which engaged in interstate commerce, handling or otherwise working with materials that have been moved in or produced for interstate commerce (i.e. telephones, computers, pens, and paper).

11. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

12. At all times material hereto, Defendant was and continues to be an "employer" within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time period.

## FACTUAL ALLEGATIONS

14. Plaintiff was employed for Defendant as a "sanitizer."

15. Plaintiff's job duties included cleaning offices for customers of Defendant.

16. Plaintiff was hired in February 2020 by Defendant.

17. Plaintiff earned an hourly wage of $11.50/hour.

18. Plaintiff worked on average about 42.5 hours a week.

19. Plaintiff was not paid the overtime rate for hours worked over 40 per week.

20. Plaintiff's overtime rate would equate to $17.25 an hour.

21. On or around January 20, 2022, Plaintiff finally brought this discrepancy in pay to the attention of his supervisor,

22. Instead of addressing the pay issue, Plaintiff was told to quit.

23. However, Plaintiff refused to quite.

24. Six days later, Plaintiff was terminated by Defendant.

25. Plaintiff was a full-time employee hourly employee.

26. Plaintiff did not have any authority to hire employees.

27. Plaintiff did not have any authority to fire employees.

28. Plaintiff did not exercise independent discretion and independent judgment with respect to matters of significance.

29. Plaintiff was assigned work by supervisors.

30. Plaintiff was assigned a set schedule by supervisors

31. During Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per work week during one or more work weeks.

32. When Plaintiff worked overtime hours, she worked an average of two and a half (2.5) hours over 40 hours per week.

33. Defendant knew or should have known of Plaintiff's schedule and hours worked each week.

34. Plaintiff was eligible to be paid overtime pay at time and one half her regular rate.

35. Plaintiff was not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.

36. Due to this pay policy or practice by the Defendant, Plaintiff was never paid overtime compensation for any of the overtime hours worked.

37. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendant.

38. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

39. Plaintiff re-alleges and incorporates paragraphs 1-21, and 26-38 as if fully set forth herein.

40. Plaintiff regularly worked in excess of forty (40) hours per week.

41. Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours she worked in excess of forty (40) hours each workweek.

42. Plaintiff was and is entitled to be paid at the statutory rate of overtime calculation for those hours worked in excess of forty (40) hours.

43. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

44. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff for overtime for all hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

45. Defendant failed to properly disclose or apprise Plaintiff's rights under the FLSA.

46. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

47. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

48. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to the Plaintiff by virtue of the management policy, plan, or

6

decision that intentionally provided for the compensation of less than time-and-one-half for overtime hours worked.

49. Based upon information and belief, Plaintiff is/was not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendant failed to properly pay Plaintiff proper overtime wages.

50. Plaintiff demands a trial by jury.

51. Defendant violated Title 29 U.S.C. §207 for the relevant period of time in that:

   a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

   b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

   c. Defendant failed to maintain proper time records as mandated by the FLSA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant: awarding Plaintiff overtime compensation in the amount due for Plaintiff's time worked in excess of forty (40) hours per work week while employed; an equal amount in liquidated damages; awarding Plaintiff pre-judgment and/or post-judgment interest; an award of costs and

expenses of this action together with reasonable attorneys' and expert fees, and any other further relief the Court deems just and proper.

## **COUNT II - RETALIATION IN VIOLATION OF THE FLSA**

52. Plaintiff re-alleges and incorporates paragraphs 1-38 as if fully set forth herein.

53. In or about April 2019, Plaintiff engaged in protected activity when she complained to Defendant about not being paid overtime.

54. Plaintiff suffered adverse action by Defendant when her employment was terminated.

55. A causal connection exists between the Plaintiff's protected activity and her termination because the events took place within weeks of each other.

56. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant: awarding Plaintiff back pay; awarding Plaintiff front pay; awarding Plaintiff compensatory damages; awarding Plaintiff pre-judgment and/or post-judgment interest, and any other further relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable against Defendant.

DATED this **19th** day of **January, 2023**.

Respectfully submitted,
s/ Edward W. Wimp
Edward W. Wimp, Esquire – LEAD COUNSEL
FBN: 1015586
Email: ewimp@theleachfirm.com
Direct: 407-574-6339

Anthony J. Hall, Esquire
FBN: 0040924
Email: ahall@theleachfirm.com

THE LEACH FIRM, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513

Attorneys for Plaintiff